S:\Files\5644_Lite-On IT\Legal+Discovery\5644_Complaint.doc

KENNEDY LILLIS SCHMIDT & ENGLISH
Nathan T. Williams
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FUBON INS. CO. LTD., TAIAN INS. CO. )
LTD., CATHAY CENTURY INS. CO. LTD., )
THE FIRST INS. CO. LTD., TAIWAN FIRE )
& MARINE INS. CO. LTD., SOUTH CHINA )
INS. CO. LTD., and SHINKONG INS. CO. )
LTD., a/s/o Lite-On IT Singapore )
Pte. Ltd., and LITE-ON IT SINGAPORE )
PTE. LTD., )
           )
           Plaintiffs, )
           )
      - v. - )
           )
OHL INTERNATIONAL and )
EVANS DELIVERY CO. INC., )
           )
           Defendants. )

12 Civ.    (   )

COMPLAINT

<u>ECF CASE</u>

---

Plaintiffs Fubon Insurance Co. Ltd., Taian Ins. Co. Ltd., Cathay Century Ins. Co. Ltd., The First Ins. Co. Ltd., Taiwan Fire & Marine Ins. Co. Ltd., South China Ins. Co. Ltd., and Shinkong Ins. Co. Ltd., as subrogated underwriters of Lite-On IT Singapore Pte. Ltd., and Lite-On IT Singapore Pte. Ltd. (collectively "Plaintiffs") complain of Defendants OHL International and Evans Delivery Co. and allege as follows:

1

## INTRODUCTION

1.  This action arises from the failure of OHL International and Evans Delivery Co. to deliver cargo shipped from Beihai, Guangxi, China to Buffalo, New York as contracted for under OHL International Bill of Lading No. DEK10008033 and COSCO Container Lines Co. Ltd. Bill of Lading No. COSU6030603280.

## PARTIES

2.  Plaintiff Fubon Ins. Co. Ltd. ("Fubon") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 237 Chien Kuo S Road, Taipei, Taiwan.

3.  Fubon is the subrogated cargo underwriter of Lite-On IT Singapore Pte. Ltd. ("Lite-On"), the shipper, consignee, or owner of the shipment hereinafter described, pursuant to STP Policy No. 00-AJF.

4.  Plaintiff Taian Ins. Co. Ltd. ("Taian") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 59, Kwantsien Road, Taipei, Taiwan.

5. Taian is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 0700OP11/015.

6. Cathay Century Ins. Co. Ltd. ("Cathay") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 11F, No. 296, Jen Ai Road, Sec. 4, Taipei, Taiwan.

7. Cathay is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 1501OP28611.

8. The First Ins. Co. Ltd. ("First") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at No. 54 Chung Hsiao East Road, Section 1, Taipei, Taiwan.

9. First is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 2010-OP139.

10. Taiwan Fire & Marine Ins. Co. Ltd. ("Taiwan") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 8/F, 49, Kuan Chien Road, Taipei, Taiwan.

11. Taiwan is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 66OP000003.

12. South China Ins. Co. Ltd. ("South China") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 5/F, 560, Chung Hsiao E. Road, Sec.4, Taipei, Taiwan.

13. South China is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 1400-OA00008.

14. Shinkong Ins. Co. Ltd. ("Shinkong") is an insurance company organized and existing under and by virtue of the laws of Taiwan with a principal place of business located at 11/F, 13, ChienKuo N. Road, Sec.2, Taipei, Taiwan.

15. Shinkong is the subrogated cargo underwriter of Lite-On, the shipper, consignee, or owner of the shipment hereinafter described, pursuant to Policy No. 130000OP11010.

16. Lite-On IT Singapore Pte. Ltd. ("Lite-On") is a company organized and existing under and by virtue of the laws of Singapore with a principal place of business at Blk 22, Midview City #03-83 Sin Ming Lane, Singapore 573969.

17. Plaintiffs bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

18. Defendant OHL International ("OHL") is a corporation organized and existing under the laws of Taiwan, with a principal place of business located at 195 Prospect Plains Road Monroe Township, New Jersey 08831

19. OHL was and is engaged in business in New York as a non-vessel owning common carrier ("NVOCC") of goods for hire.

20. Defendant Evans Delivery Co. ("Evans") is a corporation organized and existing under the laws of Pennsylvania, with a principal place of business located at 100-110 West Columbia Street, Schulkill Haven, PA 17972.

21. Evans was and is engaged in business in New York as a common carrier of goods for hire.

## JURISDICTION

22. This action arises pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. §1301 et. seq. ("COGSA"), and is, thus, an admiralty and maritime claim within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. 1333.

FACTUAL ALLEGATIONS

23. In May 2011, Lite-On hired OHL International ("OHL") to ship 802 cartons of optical drives ("Cargo") in Container No. CBHU1842324 (the "Container") from Lite-On's container yard in Beihai, Guangxi, China to its container yard in Buffalo, New York.

24. OHL issued Bill of Lading No. DEK10008033 ("OHL Bill of Lading") to cover the subject shipment.

25. OHL, in turn, subcontracted the ocean portion of the physical carriage of the Container to COSCO Container Lines Co. Ltd. ("COSCO"), and COSCO subcontracted the inland carriage of the Container from the scheduled port of discharge, New York, New York, to Buffalo, New York to Evans Trucking ("Evans").

26. On 20 May 2011, OHL arranged to transport the Container from Lite-On's container yard to the Port of Beihai.

27. There, on 23 May 2011, COSCO issued Bill of Lading No. COSU6030603280 ("COSCO Bill of Lading") to cover the subject shipmen, and the Container was loaded aboard the feeder

vessel F/V HUI JIN QIAO 181 at the Port of Beihai after which point the Vessel sailed for Hong Kong.

28. On 27 May 2011, the Container was discharged at the Port of Hong Kong.

29. On 29 May 2011, the Container was loaded aboard the M/V SUEZ CANAL BRIDGE at the Port of Hong Kong after which point the Vessel sailed for New York.

30. On 25 June 2011, the Container was discharged at the Port of New York.

31. On 28 June 2012, Evans's nominated driver, Mr. Jose Tejada, was dispatched to pick up the Container at 4:56 pm and eventually left the Maher Terminal at the Port of New York at 6:13 pm.

32. Thereafter, Mr. Tejada left his truck and the Container at Julie Towing, a truck depot located at 65 Crows Mills Road in Keasbey, New Jersey – arriving there at approximately 7:30 pm.

33. On 29 June 2011, Mr. Tejada returned to the yard at Julie Towing at 1:30 am and found that his truck and the Container had been stolen.

34. On 30 June 2011, the Container was found empty and Mr. Tejada's truck found undamaged.

35. The Cargo was never recovered.

36. As such, Insuring-Plaintiffs treated the matter as a total loss and paid Lite-On $343,420.52, and Lite-On paid its $1,000 deductible.

CAUSE OF ACTION:  BREACH OF CONTRACT OF CARRIAGE

37. Plaintiffs fully incorporate each of the averments contained in Paragraphs 1-36.

38. As common carriers, Defendants were bound by the relevant OHL and COSCO Bills of Lading and by COGSA to "properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." 46 U.S.C. § 1303(2).

39. Additionally, pursuant to its Bill of Lading, OHL agreed "to use reasonable endeavors to complete transport and deliver the goods at the place designated for delivery," under Clause 5, and agreed to "be liable for loss or damage to the goods occurring between the time [OHL] takes [the] goods into its custody and the time of delivery," under Clause 6.1.

40. Defendants did not properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods

carried and failed to delivery it in good order as each Defendant contract to do and as COGSA requires them to do.

41. As a direct and proximate result of Defendants' failure to properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried, Plaintiffs have been damaged to the extent of $344,420.52.

WHEREFORE, Plaintiffs pray that the Defendants be summoned to appear and answer this Complaint, and that upon a final determination of the merits, judgment be entered against Defendants for Plaintiffs' total damages of $344,420.52, plus pre- and post-judgment interest, court costs, and all other relief to which Plaintiffs may be entitled.

Dated: New York, New York  
       June 26, 2012

KENNEDY LILLIS SCHMIDT & ENGLISH  
Attorneys for Plaintiffs

By: _____  
Nathan T. Williams  
75 Maiden Lane - Suite 402  
New York, New York 10038-4816  
Telephone: 212-430-0800